IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2002 FEB -1 P 3:15

| | |
|---|---|
| IN RE: EMPLOYMENT DISCRIMINATION LITIGATION AGAINST THE STATE OF ALABAMA, et al.: ) ) ) ) | |
| EUGENE CRUM, JR., et al., ) ) | |
| Plaintiffs, ) ) | 2:07cv465-MHT |
| v. ) | CIVIL ACTION NO.: |
| ) | CV-94-T-356-N |
| STATE OF ALABAMA, et al., ) ) | |
| Defendants. ) ) ) | |
| RAYFORD MACK, ) ) | |
| Plaintiff-Intervenor, ) ) | |
| v. ) ) | |
| STATE OF ALABAMA, GOVERNOR DON SIEGELMAN, STATE OF ALABAMA PERSONNEL DEPARTMENT, STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, and COMMISSIONER BILL FULLER, ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

## COMPLAINT-IN-INTERVENTION

**I.    JURISDICTION:**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil

Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for injunctive and other relief against race discrimination.

2. The Plaintiff-intervenor has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e, et. seq., the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. Plaintiff-intervenor filed his charge of race discrimination with the EEOC within 180 days of the occurrence of the last discriminatory act and timely filed his race discrimination claims within 90 days of the receipt of his right-to-sue letter from the EEOC. In addition, he is relying on his own EEOC charge and those of the other plaintiffs and plaintiff-intervenors.

## II. PARTIES:

3. Plaintiff-Intervenor, Rayford Mack, is an African-American citizen of the United States and a resident of the State of Alabama.

4. The plaintiff-intervenor brings this action on his own behalf and on behalf of all other black persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which the plaintiff-intervenor seeks to represent is composed of black persons who are employed, have been employed, or who may in the future be employed by the defendants. There are common questions of law and fact affecting the rights of the members of the class who are, and continue to be limited, classified and discriminated against in ways which deprive or tend to deprive them of equal terms, conditions, or privileges of employment. These persons are so numerous that joinder of all members is impractical. A common relief is sought. The interests of said class are adequately represented by the plaintiff-intervenors. Defendants have acted or refused

to act on grounds generally applicable to the class.

5. Defendant, State of Alabama, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

6. Defendant, State of Alabama Personnel Department, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

7. Defendant, Don Siegelman, as the Governor of the State Alabama, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983.

8. Defendant, Alabama Department of Human Resources, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

9. Defendant, Commissioner Bill Fuller, as Commissioner of the Depatment of Human Resources, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983.

### III. CAUSES OF ACTION:

10. The plaintiff-intervenor and the class he seeks to represent re-alleges and

Case 2:07-cv-00465-MHT-CSC   Document 3   Filed 05/23/2007   Page 4 of 7
Case 2:94-cv-00356-MHT-CSC   Document 546   Filed 02/01/2002   Page 9 of 12

incorporates by reference paragraphs 1-9 above with the same force and effect as if fully set out in specific detail hereinbelow.

   11.   The defendants have discriminated against the plaintiff-intervenor and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

   12.   Plaintiff-Intervenor, Rayford Mack, is employed by the State of Alabama and its agency, Department of Human Resources. Throughout his employment, Mr. Mack has continuously sought promotions to the positions of Program Specialist: Management and Information Specialist (April 1996); Program Specialist: Child Support Trainer (May 1997); Program Specialist: Child Support Field Supervisor (May 1997); Program Specialist: Central Registry Supervisor (May 1997); Program Specialist: Welfare Reform Field Consultant (June 1997); Program Specialist: Welfare Reform Systems Specialist (June 1997); Program Specialist: Welfare Reform Contract Specialist (June 1997); Program Specialist: Field Supervisor (November 1999); Program Specialist: Program Analyst (March 2000); Program Specialist: Food Stamp Employment and Training (March 2000); Program Manager: Food Stamp Employment and Training (March 2000); Program Specialist: Special Project Consultant (May 2000); Program Specialist: Jobs Policy Specialist (May 2000); Program Specialist: Program Specialist (May 2000); Program Specialist: Program Specialist (July 2000); Program Specialist: Program Specialist (July 2000); Program Specialist: Program Specialist (October 2000); Program Specialist: Program Analyst (January 2001); Program Specialist: Maximization Specialist (January 2001); Program Specialist: Field Supervisor

(April 2001); Program Specialist: Child Support Analyst (April 2001); Program Specialist: Field Supervisor (April 2001) and Program Specialist: Technical Assistance Specialist (August 2001). Mack has applied for these positions and, after being deemed qualified, was placed on the register. Mack has not received any of the positions. Mack has been as qualified, if not more qualified than the individuals awarded these positions. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs.

13. Throughout his employment, Mack also been discriminated against in regards to job assignments, training, and experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

14. This systemic discrimination further adversely affects plaintiff's status as an employee and other black employees by promoting and reinforcing racial stereotypes and bias in hiring, promotions, training, transfers, job assignments, job classifications, discipline, demotions, job assignments, evaluations, supervision, training, compensation, benefits and other terms, conditions and privileges of his employment.

15. The plaintiff-intervenor and the class he seeks to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and a declaratory judgment are his only means of securing adequate relief. The plaintiff-intervenor and the class he seeks to represent are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

IV. **PRAYER FOR RELIEF**:

WHEREFORE, the plaintiff-intervenor and the class he seeks to represent respectfully pray

that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff-intervenor and the plaintiff class as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §§1981 and 1983.

2. Grant the plaintiff-intervenor and the plaintiff class a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983.

3. Enter an Order requiring the defendant to make the plaintiff-intervenor and the plaintiff class whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back-pay (plus interest), declaratory and injunctive relief, lost seniority, lost benefits and lost pension benefits.

4. Grant the plaintiff-intervenor and the plaintiff class such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

_____
Rocco Calamusa, Jr.
Counsel for the Named Plaintiffs,
Plaintiff-Intervenors, and Putative Class

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL 35203
(205) 328-0640

**Defendants' Addresses**

State of Alabama
c/o Office of Attorney General
Room 303, 11 South Union Street
Montgomery, AL 36130

Governor Don Siegelman
c/o Office of Attorney General
Room 303, 11 South Union Street
Montgomery, AL 36130

State Personnel Department
Third Floor, Suite 327-A
64 North Union Street
Montgomery, AL 36103

Department of Human Resources
50 N. Ripley Street
Montgomery, Alabama 36130

Commissioner Bill Fuller
Department of Human Resources
50 N. Ripley Street
Montgomery, Alabama 36130